MINCHER ARTHUR *v.* ANN HARLAN ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—356.]

**Title by Adverse Possession.**

> Where suit is maintained to recover land between two claimants, and a third person is in possession of the land not claiming to hold under either of the parties, he is not bound by a judgment entered in such cause.

APPEAL FROM GREENUP CIRCUIT COURT.

October 31, 1882.

OPINION BY JUDGE PRYOR:

We are of the opinion that the entry and possession by the heirs of Harlan under the Keith patent, and the writing from Keith under which Harlan claimed, authorized that writing to go to the jury as evidence of title and that the proof as to the heirship was sufficient, but there is a fatal objection in our opinion to the verdict and judgment by reason of the admission of the record in the case of *Harlan's Heirs v. Seaton,* 18 B. Mon. (Ky.) 312, as evidence of title against the appellant. If the appellees claim to have derived title by reason of that judgment, then it appears that Arthur was in possession of his land before the title was obtained, and, not being a party to that suit, we can not see how it is to be used against him. Seaton was, in fact, holding adversely to Harlan, and because the latter recovered of Seaton is no reason why they should recover against Arthur. But the effect of the admission of this record was to impress the jury with the belief that as Seaton was within the Keith patent, and Harlan's heirs recovered of him, therefore they are entitled to recover of Arthur. The lat-

ter was not a tenant of Seaton nor did he claim to hold under him in any way, and the admission of such testimony was calculated to mislead the jury. It was also error to admit the mortgage given by Arthur on the fifty-acre tract of land as evidence of the fact that he owned no other land. The mortgage shows a conveyance of only fifty acres of land as a security to the mortgagee and there is nothing in the paper conveying the idea, or raising a presumption, that he owned no other land. The instruction in regard to the Seaton claim was erroneous for it is plain that Seaton was claiming against Harlan and not under him.

The judgment below is *reversed* for the reasons indicated and cause remanded for a new trial. The affidavit of the attorney for a waiving order was properly made.

*E. F. Dulin, for appellant.*

*B. F. Bennett, for appellees.*